UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| RYAN T. CARELTON, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:23-cv-00253-JAW |
| | ) | |
| PISCATAQUIS COUNTY JAIL, et al., | ) ) | |
| | ) | |
| Defendants | ) | |

### ORDER ON PLAINTIFF'S MOTION TO STAY AND MOTION TO APPOINT COUNSEL

Plaintiff moves the Court to appoint counsel and asks the Court for a temporary stay of the proceedings in connection with his efforts to secure counsel. The Court denied Plaintiff's earlier requests to appoint counsel and for a stay of the proceedings. (Orders, ECF Nos. 5, 25, 41.)

As the Court explained in one of the prior orders denying Plaintiff's motion to appoint counsel, "[t]here is no absolute constitutional right to a free lawyer in a civil case." *DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). At this stage of the proceedings, the exceptional circumstances necessary for the Court to appoint or arrange for counsel are not present. The Court discerns no reason to reconsider its prior orders denying Plaintiff's motions to appoint counsel. The Court, therefore, denies Plaintiff's motion to appoint counsel.

"Deciding whether to stay proceedings involves balancing the interests of the parties and the Court." *Steele v. Ricigliano*, 789 F. Supp. 2d. 245, 247-48 (D. Mass. 2011)

(citing *Landis v. North Am. Co.*, 299 U.S. 248 (1936)). The balancing of the interests weighs against a stay. While the Court understands Plaintiff's desire and preference to obtain counsel, given that Plaintiff has not arranged for counsel despite his efforts to this point, Plaintiff would not necessarily secure counsel if a stay were granted. A stay is not required for Plaintiff to obtain counsel. Plaintiff can simultaneously prosecute the claim that he initiated and attempt to obtain legal representation. If Plaintiff secures counsel, counsel could enter an appearance on Plaintiff's behalf. Furthermore, if because of his lack of formal legal training, Plaintiff determines that he needs additional time to prepare his case through the discovery process, Plaintiff can seek an amendment of the Scheduling Order deadlines.

Defendants' have a legitimate interest in resolving the case as soon as reasonably possible given the burden of litigation. The Court's obligation to construe and apply the procedural rules "to secure the just, speedy, and inexpensive determination of every action and proceeding" also militates against a stay. Fed. R. Civ. P. 1. After consideration of the various interests, the Court concludes that a stay is not warranted. Accordingly, the Court denies Plaintiff's motion to stay.

## **NOTICE**

Any objections to this order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of March, 2024.