UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RYAN T. CARLETON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00253-JAW |
| ) | |
| PISCATAQUIS COUNTY JAIL, et al. ) | |
| ) | |
| Defendants. ) | |

**ORDER ON AMENDED MOTION FOR SANCTIONS**

On June 22, 2023, Ryan T. Carleton, an inmate at the Piscataquis County Jail, filed a complaint in this Court against Piscataquis County Jail, the Maine Correctional Center, the Maine Department of Corrections, Corrections Officer (CO) Alan Wintle, an unnamed doctor with a specialty in Radiology, unnamed corrections officers at the Maine Correctional Center, unnamed corrections officers at the Maine State Prison, and as a notice-only party, the Attorney General for the state of Maine. *Compl.* (ECF No. 1). On September 26, 2023, CO Wintle filed an answer to Mr. Carleton's complaint. *Answer and Affirmative Defenses of Def. Wintle* (ECF No. 16). On November 13, 2023, the Magistrate Judge issued a scheduled order and an amended scheduling order. *Scheduling Order* (ECF No. 23); *Am. Scheduling Order* (ECF No. 24). In the Amended Scheduling Order, the Magistrate Judge set a discovery deadline of April 1, 2024 and allowed the parties to engage in discovery, including interrogatories and requests for production of documents. *Am. Scheduling Order* at 1-2.

On March 1, 2024, CO Wintle filed a request for a hearing to resolve a discovery dispute. *Req. for Hr'g Re: Disc. Dispute Pursuant to Local Rule 26(B)* (ECF No. 48). In his request, Attorney Michael Lichtenstein represented on behalf of CO Wintle that on December 6, 2023, he forwarded Mr. Carleton a request for production of documents and a set of interrogatories, but to date received no response. *Id*. at 1. Attorney Lichtenstein further represented that on February 5, 2024, he sent Mr. Carleton a follow-up letter requesting discovery responses, but received no response to the letter. *Id*. Attorney Lichtenstein requested a hearing on Mr. Carleton's failure to respond to discovery. *Id*.

On March 1, 2024, the Magistrate Judge issued an order on the discovery request and ordered Mr. Carleton "to serve upon Defendant the responses to the written discovery requests on or before March 22, 2024" and warned Mr. Carleton that if he failed to serve timely responses, the Magistrate Judge "could impose sanctions, which could include the dismissal of Plaintiff's claim." *Order on Disc. Issue* at 1 (ECF No. 49). The Magistrate Judge authorized CO Wintle to file a motion for sanctions if Mr. Carleton did not serve timely discovery responses. *Id*.

On March 28, 2024, CO Wintle filed an amended motion for sanctions. *Def.'s Am Mot. for Sanction of Dismissal* (ECF No. 54). CO Wintle represented that despite the Magistrate Judge's March 1, 2024 order, Mr. Carleton had "failed to serve answers to interrogatories or a response to the document request." *Id*. at 1. CO Wintle requested that the Court dismiss with prejudice Mr. Carleton's complaint against him. *Id*.

Mr. Carleton was required to respond to CO Wintle's motion for sanctions by April 18, 2024. On April 25, 2024, Mr. Carleton filed a letter motion for extension of time to contact Maine Lawyer Referral Service. *Letter Mot. to Extend Time* (ECF No. 58). On April 26, 2024, CO Wintle filed a response to Mr. Carleton's motion to extend and asked the Court to deny the motion. *Def. Alan Wintle's Resp. to the Pl.'s Fourth Mot. to Extend Time* (ECF No. 60). On April 30, 2024, the Magistrate Judge construed Mr. Carleton's April 25, 2024 filing as a request for more time to respond to CO Wintle's amended motion for sanctions and gave Mr. Carleton until May 17, 2024 to file a response. *Order* (ECF No. 61). To date, Mr. Carleton has not filed any response to CO Wintle's amended motion for sanctions.

When a party "fails to obey an order to provide or permit discovery," the court may "dismiss[] the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A); *see also Vallejo v. Santini-Padilla*, 607 F.3d 1, 7 (1st Cir. 2010) ("District Courts' authority to dismiss an action as a sanction for noncompliance with a discovery order is well established"). Dismissal "of a case may at times be a harsh sanction," *Vallejo*, 607 F.3d at 8, but the First Circuit has "routinely recognized that it is an essential tool for district courts' effective exercise of their 'right to establish orderly processes and manage their own affairs.'" *Vallejo*, 607 F.3d at 7 (quoting *Young v. Gordon*, 330 F.3d 76, 81 (1st Cir. 2003)). "[D]ismissal ordinarily should be employed as a sanction only when a plaintiff's misconduct is extreme." *Young*, 330 F.3d at 81; *see also Tower Ventures, Inc. v. City of Westfield*, 296 F.3d 43, 46 (1st Cir.

2002) ("[D]isobedience of court orders, in and of itself, constitutes extreme misconduct (and, thus, warrants dismissal)").

Here, dismissal is appropriate. Mr. Carleton filed his complaint on June 22, 2023, and it has therefore been pending just shy of a year. Although he repeatedly protested the rejection of his demands for appointed counsel, he has failed to comply with the most basic requirement of civil litigation: to respond to discovery requests. Moreover, he failed to respond to a court order mandating that he answer outstanding discovery.

Even though CO Wintle requests that the Court dismiss Mr. Carleton's case against him with prejudice, the Court declines to do so because it would "foreclose[] forever the plaintiff's opportunity to obtain judicial redress." *Pomales v. Celulares Telefonica, Inc.*, 342 F.3d 44, 48 (1st Cir. 2003). Instead, the Court concludes that dismissal without prejudice is the correct sanction. *See Reardon v. Lowe's Co., Inc.*, No. 1:21-cv-00362-LEW, 2024 U.S. Dist. LEXIS 23786, at *6-7 (D. Me. Feb. 12, 2024). In determining the appropriate sanction, the Court considered Mr. Carleton's pro se status, and his incarceration, which likely made it more difficult for him to respond. *Id.*; *see Oliver v. Versant Power*, No. 1:21-cv-00225-JAW, 2021 U.S. Dist. LEXIS 203519, at *3 (D. Me. Oct. 21, 2021), *aff'd* 2021 U.S. Dist. LEXIS 222010 (D. Me. Nov. 17, 2021). In determining that dismissal is appropriate, albeit without prejudice, the Court also considered Mr. Carleton's failure to respond in any way either to CO Wintle's discovery requests or to the Magistrate Judge's order to do so, and that he compounded his inaction by failing to respond even within the extended time he

4

requested, and the Magistrate Judge allowed. *Reardon*, 2024 U.S. Dist. LEXIS 23786, at *6 (noting that the defendant had stymied discovery for nearly two years and had violated a court order in refusing to engage in discovery).

The Court GRANTS in part and DISMISSES in part Defendant's Amended Motion for Sanction of Dismissal (ECF No. 54). The Court GRANTS the motion insofar as it requests that the Court dismiss Ryan Carleton's complaint but DISMISSES without prejudice the motion insofar as Corrections Office Wintle requests that the dismissal be with prejudice. In sum, the Court DISMISSES without prejudice Ryan Carleton's complaint against Corrections Office Alan Wintle.

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 30th day of May, 2024