UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| RYAN T. CARELTON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | 1:23-cv-00253-JAW |
| ) | |
| PISCATAQUIS COUNTY JAIL, et al., ) | |
| ) | |
| Defendants ) | |

## RECOMMENDED DECISION ON MOTION FOR SANCTION OF DISMISSAL

Defendant Millard, pursuant to Federal Rules of Civil Procedure 37, moves to dismiss without prejudice Plaintiff's complaint based on Plaintiff's failure to comply with the Court's June 5, 2024, Order requiring Plaintiff to respond to Defendant Millard's discovery requests by June 26, 2024.  (Motion, ECF No. 73.)  Following a review of the record, I recommend the Court grant the motion.

### FACTUAL AND PROCEDURAL BACKGROUND

Because Plaintiff failed to serve initial disclosures, failed to respond to Defendant Millard's document requests served on Plaintiff in February 2024, and failed to respond to two discovery-related letters from counsel for Defendant Millard, Defendant Millard requested a discovery conference in accordance with District of Maine Local Rule 26.  Rather than schedule a discovery conference, because Plaintiff had not served any response to Defendant Millard's discovery requests, the Court ordered Plaintiff to serve responses to the discovery requests by June 26, 2024.  (Order, ECF No. 66.)  The Court also authorized Defendant to file a motion for sanctions if Plaintiff failed to comply with the Court's order.  In his motion for sanctions,

Defendant Millard, citing Plaintiff's failure to comply with the Court's order, seeks dismissal of Plaintiff's complaint.

## DISCUSSION

Federal Rule of Civil Procedure 37 authorizes the Court to impose sanctions, including dismissal, in the event a party fails to comply with a court order, or fails to respond appropriately to legitimate discovery requests. Fed. R. Civ. P. 37(b)(2), (d). Dismissal, while authorized, is the ultimate sanction. When considering whether a discovery violation warrants dismissal, the Court should consider a variety of factors, including "the severity of the violation, the legitimacy of the party's excuse, repetition of violations, the deliberateness vel non of the misconduct, mitigating excuses, prejudice to the other side and to the operations of the court, and the adequacy of lesser sanctions." *Malloy v. WM Specialty Mortg. LLC*, 512 F.3d 23, 26 (1st Cir. 2008) (quoting *Robson v. Hallenbeck*, 81 F.3d 1, 2-3 (1st Cir. 1996)).

Under District of Maine Local Rule 7(b), a party is expected to file an objection to a motion if the party contests the motion, and unless the party files an objection, the party is "deemed to have waived objection." D. Me. Loc. R. 7(b). Dismissal, therefore, would be warranted based solely on Plaintiff's lack of objection to Defendant Millard's motion for sanctions.

The record also supports dismissal. Plaintiff has not only failed to serve responses to discovery requests that were served more than five months ago but he has also failed to communicate with Defendant's counsel regarding discovery or the Court's order. This is not Plaintiff's only occasion of non-compliance. When Plaintiff previously failed to comply with a

2

similar order regarding the discovery requests served by a co-defendant, upon motion, the Court dismissed the case against the co-defendant. (Order, ECF No. 62.)

Given Plaintiff's failure to comply with the Court's order, failure to serve responses to Defendant Millard's discovery requests, and failure to respond to the motion for sanctions, dismissal without prejudice is warranted.[1]

## CONCLUSION

Based on the foregoing analysis, I recommend the Court grant the motion for sanctions and dismiss without prejudice Plaintiff's complaint against Defendant Millard.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 5th day of August, 2024.

---

[1] As Defendant Millard's motion implicitly recognizes, dismissal of an action with prejudice is a sanction reserved for the most extreme misconduct. *Vazquez-Rijos*, 654 F.3d at 127. *Vazquez-Rijos v. Anhang*, 654 F.3d 122, 127 (1st Cir. 2011). I do not consider Plaintiff's conduct in this case to constitute the extreme misconduct that would support dismissal with prejudice.